```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  4/14/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
PAUL V. NORRIS, SR.,                              :
                                                  :
                              Plaintiff,          :
        -against-                                 :              1:19-cv-06020-GHW
                                                  :
NBA PROPERTIES, INC, ADAM SILVER;                 :              MEMORANDUM OPINION
SCOTT STANCHAK, ANIL V. GEORGE;                   :              AND ORDER
BENJAMIN ARONSON, MARK TATUM, and                 :
MELISSA ROSENTHAL,                                :
                                                  :
                              Defendants.         :
--------------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

        Plaintiff Paul Norris had what he believed to be an ingenious idea for a new social media

application or website that would allow professional basketball fans to make predictions about

National Basketball Association ("NBA") games and to win prizes for correct predictions.  Plaintiff

attempted to pitch Defendant Scott Stanchak—the head of Emerging Technology at the NBA on

his idea—but Stanchak politely told Plaintiff that the NBA was not interested.  Years later, Plaintiff

alleges that he discovered that the NBA stole his idea and implemented it without compensating

him.  Plaintiff subsequently filed this action for damages, naming the NBA and several of its

executives as defendants.  Because Plaintiff's complaint fails to plausibly allege the existence of an

implied-in-fact contract between Plaintiff and any Defendant, Defendants' motion to dismiss is

GRANTED.

# I. BACKGROUND

## A. Facts[1]

Plaintiff alleges that he is the owner and CEO of "Children of Light Music Entertainment, Inc." FAC ¶ 13. On November 27, 2017, Plaintiff alleges that he emailed Defendant Silver, the CEO of the NBA, "to pitch a new app/social media site that allows NBA fans to predict their favorite team players['] individual points, final game points and point margins." *Id.* ¶ 14; *see also* Ex. 1 to FAC. Plaintiff called his proposed product "Predict a Pick 3." FAC ¶ 14, *see also* Ex. 4 to FAC.

Three days later, Silver referred Plaintiff to Scott Stanchak ("Stanchak") who, at the time, was head of Emerging Technology at NBA. FAC ¶ 15; *see also* Ex. 2 to FAC. On December 1, 2017, Plaintiff and Stanchak allegedly arranged a telephone call to discuss Predict a Pick 3 on December 14, 2017. FAC ¶ 16; *see also* Ex. 3 to FAC. On December 13, 2017—one day before the scheduled telephone call—Plaintiff allegedly emailed Stanchak a one-page description of Predict a Pick 3 for Stanchak to review. FAC ¶ 17; *see also* Ex. 4 to FAC. The December 14, 2017 telephone call did not take place, apparently because Plaintiff experienced technical issues. FAC ¶ 18; *see also* Ex. 4 to FAC. On December 15, 2017, Stanchak allegedly emailed Plaintiff that after "check[ing] in with the gaming folks," the NBA was not interested in pursuing Predict a Pick 3. FAC ¶ 19; *see also* Ex. 5 to FAC.

Plaintiff alleges that Defendants stole the concept behind Predict a Pick 3 and implemented it without compensating him. Plaintiff alleges that "while watching a Lakers [g]ame," he "saw [an] advertisement" for an "app/website" called "Pick 'Em" that apparently had been developed by the

---

[1] The facts are drawn from Plaintiff's First Amended Complaint ("FAC"), Dkt No. 15, and are accepted as true for the purposes of this motion to dismiss. *See, e.g.*, *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). However, "[t]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

NBA.  FAC ¶ 20.  Plaintiff alleges that Pick 'Em and Predict a Pick 3 "have identical concepts for fans to predict players, points and winning score."  *Id.*; *see also* Ex. 7 to FAC.

On April 26, 2019, Plaintiff emailed Silver and expressed concern that Predict a Pick 3 "launched shortly after the phone conference between Plaintiff and . . . Stanchak."  FAC ¶ 20; *see also* Ex. 6 to FAC.  On May 6, 2019, Plaintiff received an email from Anil George, assistant general counsel for NBA, stating that he did not "have a protectable right" because the concept behind Predict a Pick 3 "is loosely used in gaming in general."  *Id.* ¶¶ 21-22; *see also* Ex. 8 to FAC.

### B. Procedural History

Plaintiff commenced this action *pro se* on June 24, 2019.  Complaint, Dkt No. 1.  On October 1, 2019, Defendants filed a motion to dismiss, Dkt No. 10, and Plaintiff responded by filing the FAC *pro se* on October 25, 2019.  Dkt No. 15.  Plaintiff asserts five claims for relief in the FAC.  First, Plaintiff alleges a breach of contract claim.  FAC ¶¶ 24-28.  Second, Plaintiff alleges that Defendants infringed his proprietary intellectual property.  *Id.* ¶¶ 29-30.  Third, Plaintiff asserts that Defendants stole his trade secrets.  *Id.* ¶¶ 31-32.  Fourth, Plaintiff asserts a claim for breach of a quasi-contract.  *Id.* ¶¶ 33-37.  Finally, Plaintiff asserts a claim for breach of an implied-in-fact contract.  *Id.* ¶ 37.  As a result of these violations, Plaintiff alleges that he "suffer[ed] a loss of sales and buyers for a period of at least 2 years" and "sustained damages in an amount in excess of $50,000,000."  *Id.* ¶¶ 23, 28.  Defendants filed this motion to dismiss on November 13, 2019.  Dkt Nos. 21-22.  Plaintiff has since retained counsel, who filed a notice of appearance on November 12, 2019.  Dkt No. 20.  Plaintiff's counsel subsequently filed his opposition, Dkt No. 26, and Defendants filed their reply., Dkt No. 30.

## II. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A defendant may nonetheless move to dismiss a

plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). It is not enough for a plaintiff to allege facts that are consistent with liability; the complaint must "nudge[]" claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

Determining whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted). The court must accept all facts alleged in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 124 (2d Cir. 2008) (per curiam). However,

> "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." A complaint must therefore contain more than "naked assertions devoid of further factual enhancement." Pleadings that contain "no more than conclusions . . . are not entitled to the assumption of truth" otherwise applicable to complaints in the context of motions to dismiss.

*DeJesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 87-88 (2d Cir. 2013) (brackets omitted) (quoting *Iqbal*, 556 U.S. at 678-79). Thus, a complaint that offers "labels and conclusions" or "naked assertions" without "further factual enhancement" will not survive a motion to dismiss. *Iqbal*, 556 U.S. at 678 (brackets omitted) (citing *Twombly*, 550 U.S. at 555, 557).

Because the FAC was filed *pro se*, the Court will extend Plaintiff the "special solicitude" generally afforded *pro se* litigants. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006). Thus, the Court will construe the FAC liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret it to raise the "strongest [claims it] suggest[s]." *Triestman*, 470 F.3d at 474. However, because Plaintiff's counsel has filed the memorandum of law in opposition to this motion, the Court will not extend the same special solicitude to Plaintiff's memorandum of law in opposition to Defendants' motion to dismiss. *Cf. Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013) ("A district court deciding a motion to dismiss may consider factual allegations made by a pro se party in his papers opposing the motion.").

Moreover, the special solicitude afforded to *pro se* litigants has its limits. Courts "cannot read into *pro se* submissions claims that are not consistent with the *pro se* litigant's allegations . . . or arguments that the submissions themselves do not suggest" and *pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at at 477 (quotations omitted); *see also Phillips v. Girdich*, 408 F.3d 124, 127 (2d Cir. 2005).

## III. DISCUSSION

Plaintiff alleged five separate claims in his FAC. However, in his opposition to Defendants' motion to dismiss, Plaintiff's counsel asks the Court to construe the FAC as raising only two claims: a claim for breach of an implied-in-fact contract and a "misappropriation" claim. Opp. at 2. Thus, the Court will review only these two claims and treat the remaining claims as abandoned. See Adams v. N.Y. State Educ. Dep't, 752 F. Supp. 2d 420, 452 n.32 (S.D.N.Y. 2010) (collecting cases in which courts treated claims as abandoned).

In his opposition, Plaintiff characterizes this case as a "submission of ideas case." Opp. at 1; *see Nadel v. Play-By-Play Toys & Novelties, Inc.*, 208 F.3d 368 , 373-74 (2d Cir. 2000) (describing a paradigm "submission-of-idea case" as including allegations that "(1) the parties enter into a pre-

disclosure confidentiality agreement; (2) the idea is subsequently disclosed to the prospective buyer; (3) there is no post-disclosure contract for payment based on use; and (4) plaintiff sues defendant for allegedly using the disclosed idea under either a contract-based or property-based theory").

Plaintiff and Defendants disagree on which state's law governs the claims at issue in this case.  Plaintiff argues that California law should govern; Defendants argue that New York governs the dispute.  *See* Opp. at 4-5; Rep. at 1.  The Court need not decide which state's law applies because Plaintiff's claims fail under both New York and California law.

### A. Breach of an Implied-in-Fact Contract Claim

Plaintiff has failed to allege a breach of an implied-in-fact contract under New York law. "To state a claim for breach of contract under New York law, the complaint must allege: (i) the formation of a contract between the parties; (ii) performance by the plaintiff; (iii) failure of defendant to perform; and (iv) damages." *Edwards v. Sequoia Fund, Inc.*, 938 F.3d 8, 12 (2d Cir. 2019) (quotation omitted).  Although Plaintiff acknowledges that he did not form an express contract with Defendants, he argues that he formed an implied-in-fact contract with Defendants.  "Unlike an express contract, an implied-in-fact contract arises 'when the agreement and promise have simply not been expressed in words,' but 'a court may justifiably infer that the promise would have been explicitly made, had attention been drawn to it.'" *Nadel.*, 208 F.3d at 376 n.5 (quoting *Maas v. Cornell Univ.*, 94 N.Y.2d 87 (1999)).

"An implied-in-fact contract requires such elements as consideration, mutual assent, legal capacity and legal subject matter." *Id.* (quotation omitted); *see also Jinno Int'l Co. v. Premier Fabrics, Inc.*, No. 12 CIV. 07820 LGS, 2013 WL 4780049, at *2 (S.D.N.Y. May 24, 2013) ("To establish the first element, the existence of a contract, even in the case of an implied rather than an express agreement, a plaintiff must allege sufficient facts to establish 'an offer, acceptance of the offer, consideration, mutual assent, and intent to be bound.') (quoting *Register.com, Inc. v. Verio, Inc.*, 356 F.3d 393, 427 (2d

6

Cir. 2004)). "The element of mutual assent . . . must be inferred from the facts and circumstances of each case, including such factors as the specific conduct of the parties, industry custom, and course of dealing." *Nadel*, 208 F.3d at 376 n.5.[2]

The FAC falls woefully short of plausibly alleging an implied-in-fact contract. Plaintiff has failed to plausibly allege that the parties mutually understood and intended to be bound by any specific contractual terms. *See Tractebel Energy Mktg., Inc. v. AEP Power Mktg., Inc.*, 487 F.3d 89, 95 (2d Cir. 2007) ("To create a binding contract, there must be a manifestation of mutual assent sufficiently definite to assure that the parties are truly in agreement with respect to all material terms."). The allegations in the FAC and the emails attached as exhibits simply do not support the contention that any Defendant, or anyone associated with the NBA, intended to or agreed to be bound by any specific contractual terms. At most, Plaintiff's allegations support the contention that Stanchak agreed to listen to his pitch of Predict a Pick 3. FAC ¶ 17. That is not enough for the Court to conclude that Stanchak manifested his assent to enter into a contract with Plaintiff, or to divine any of the material terms necessary to the formation of an implied-in-fact contract. Indeed, Plaintiff admits in the FAC that "[t]he Parties may or may not have intended to enter into a contract, and made no promises to perform." FAC ¶ 33. That admission lends further support to the Court's conclusion that Plaintiff has not adequately alleged that the parties entered into an implied-in-fact contract. Accordingly, Plaintiff's claim for breach of an implied-in-fact contract is dismissed.[3]

---

[2] There are no material differences between the elements for an implied-in-fact contract under New York law and California law, at least as applied to the facts of this case. *See Jordan-Benel v. Universal City Studios, Inc.,* No. CV 14-5577-MWF(MRWX), 2015 WL 9694896, at *2 (C.D. Cal. Feb. 13, 2015) ("Under California law, for an implied-in-fact contract one must show: [1] that he or she prepared the work; [2] that he or she disclosed the work to the offeree for sale; [3] under all circumstances attending disclosure it can be concluded that the offeree voluntarily accepted the disclosure knowing the conditions on which it was tendered (i.e., the offeree must have the opportunity to reject the attempted disclosure if the conditions were unacceptable); and [4] the reasonable value of the work.") (quotation omitted). As explained below, Plaintiff has not adequately alleged that Defendants "voluntarily accepted the disclosure knowing the conditions on which it was tendered," *id.*, and there is no material difference between this inquiry and whether there was "an offer . . . mutual assent, and intent to be bound," as required under New York law in this case. *Jinno*, 2013 WL 4780049, at *2 (quoting *Register.com, Inc.*, 356 F.3d at 427).

[3] The parties vigorously dispute whether the idea behind Predict a Pick 3 was "novel." Plaintiff argues that novelty is only an element of a submission of ideas case under New York law, and that—even if New York law applies—the Court

### B. Misappropriation Claim

Plaintiff has failed to plead a plausible misappropriation claim under both New York and California law.  California law does not recognize claims for misappropriation of ideas.  "Under California law . . . misappropriation . . . claims are actionable only to vindicate legally protected property interests, and an idea is not recognized as a property right." *Thurman v. Whitfield*, 751 F.2d 90, 92 (2d Cir. 1984) (quoting *Weitzenkorn v. Lesser*, 256 P.2d 947, 956 (Cal. 1953) (en banc)).  As noted above, Plaintiff has characterized this case as "a submission of ideas case."  Opp. at 8.  The facts alleged in the FAC support that characterization; Plaintiff essentially alleges that Defendants stole his idea for Predict a Pick 3.  Therefore, because claims for misappropriation of ideas are not cognizable under California law, Plaintiff has failed to plead a viable misappropriation claim under California law.

Plaintiff has also failed to plead a claim for misappropriation under New York law.  "In order for an idea to be susceptible to a claim of misappropriation, two essential elements must be established:  the requisite legal relationship must exist between the parties, and the idea must be novel and concrete." *McGhan v. Ebersol*, 608 F. Supp. 277, 284 (S.D.N.Y. 1985); *see also Turner v. Temptu Inc.*, 586 F. App'x 718, 722 (2d Cir. 2014) (quoting *McGhan*, 608 F. Supp. at 284); *Oasis Music, Inc. v. 900 U.S.A., Inc.*, 161 Misc. 2d 627, 631 (Sup. Ct. N.Y. 1994). "The legal relationship between the plaintiff and defendant may be either a fiduciary relationship, or based on an express contract, an implied-in-fact contract, or a quasi-contract." *Turner*, 586 F. App'x at 722 (quoting *McGhan*, 608 F. Supp. at 284).

---

cannot adjudicate whether the idea undergirding Predict a Pick 3 was novel at the motion to dismiss phase of the litigation.  *But see Zikakis v. Staubach Retail Servs., Inc.*, No. 04 CIV. 9609 (NRB), 2005 WL 2347852, at *3 n.3 (S.D.N.Y. Sept. 26, 2005) (concluding, at the motion to dismiss phase, that an idea was not novel).  The Court is skeptical that the concept behind an "app/social media site that allows NBA fans to predict their favorite team players individual points, final game points and point margin" is novel.  FAC ¶ 14.  Nevertheless, the Court need not take a position on this question because Plaintiff has not alleged the existence of an implied-in-fact contract and his claim fails for that reason alone.

Plaintiff has failed to allege a legal relationship between the parties. As explained above, Plaintiff has not alleged the existence of an express contract, nor has he adequately alleged the existence of an implied-in-fact contract. Plaintiff does not argue that there was a fiduciary relationship between Plaintiff and Defendants, and there are no allegations in the FAC that would support the conclusion that Plaintiff was in any sort of fiduciary relationship with Defendants.[4] And although Plaintiff initially alleged a quasi-contract theory, he has expressly withdrawn that claim in his opposition. *See* Opp. at 2. Accordingly, because Plaintiff has not alleged a legal relationship between the parties, his misappropriation claim is dismissed. *Cf. Hudson & Broad v. J.C. Penney Corp., Inc.*, 553 F. App'x 37, 42 (2d Cir. 2014) (affirming dismissal of idea misappropriation claim "since [plaintiff] cannot, in the absence of either a contract or quasi-contract, allege the requisite legal relationship between it and [defendant] to state [such a] claim"); *Bulger v. Royal Doulton, PLC*, No. 05 Civ. 7709 (DAB), 2006 WL 3771016, at *7 (S.D.N.Y. Dec. 19, 2006) (dismissing idea misappropriation claim "because Plaintiffs do not allege that the implied contract was formed with [defendant], there is no basis for finding the legal relationship required to state a claim for misappropriation against [defendant]").[5]

---

[4] Under New York law, "[a] fiduciary relationship exists when one party 'is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation.'" *King County v. IKB Deutsche Industriebank AG*, 863 F. Supp. 2d 288, 299 (S.D.N.Y. 2012) (quoting *Flickinger v. Harold C. Brown & Co.*, 947 F.2d 595, 599 (2d Cir. 1991)). Under California law, "[b]efore a person can be charged with a fiduciary obligation, he must either knowingly undertake to act on behalf and for the benefit of another, or must enter into a relationship which imposes that undertaking as a matter of law." *City of Hope Nat'l Med. Ctr. v. Genentech, Inc.*, 181 P.3d 142, 150 (Cal. 2008). The FAC does not allege facts that would support the existence of a fiduciary relationship under either of these legal standards.

[5] As noted above, the Court is skeptical that the idea alleged in the complaint is novel. The standard for whether an idea is "novel" is stricter for a misappropriation claim than for an implied-in-fact contract submission of ideas case. *Nadel*, 208 F.3d at 378 ("In contrast to contract-based claims, a misappropriation claim can only arise from the taking of an idea that is original or novel in absolute terms, because the law of property does not protect against the misappropriation or theft of that which is free and available to all."). Hence, the Court's skepticism carries over to Plaintiff's misappropriation claim. *Cf. Sharp v. Patterson*, 03 Civ. 8772, 2004 WL 2480426, at *9 (S.D.N.Y. Nov. 3, 2004) (concluding that an idea was not novel and noting that "[i]n some cases an idea may be so unoriginal or lacking in novelty that . . . a court may conclude, as a matter of law, that the idea lacks . . . the originality necessary to support a misappropriation claim." (quoting *Nadel*, 208 F.3d at 378-79)). However, the Court need not take a position on this question because Plaintiff's claim fails for the reasons outlined above. The Court also need not decide whether Plaintiff has adequately alleged that his idea was sufficiently "concrete" to state a misappropriation claim, or whether Plaintiff's misappropriation claim is preempted by copyright law.

**IV. CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is GRANTED.  The Court will grant Plaintiff leave to replead.  *See Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("It is the usual practice upon granting a motion to dismiss to allow leave to replead."); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires.").

The Clerk of Court is directed to terminate the motion pending at Dkt No. 21.

SO ORDERED.

Dated:  April 14, 2020
New York, New York

_____
GREGORY H. WOODS
United States District Judge